The State *v.* Smith and others.

---

## THE STATE v. EDWARD SMITH AND OTHERS.

In an action on a Sheriff's bond, to a plea of performance, the plaintiff replied, denying performance and assigning for a breach of the condition of the bond, that on the 18th of September, 1827, Daniel L. Miller and John Cooper, in the name of Mason S. Gibbon, in the Inferior Court of ·Common Pleas of the county of Salem, by the judgment of the said court, recovered against Jonathan Belton, $334 32, for his damages which he had sustained, by reason of the non-performance of certain promises by the said J. Belton to the said Mason S. Gibbon before then made, as for his costs, &c.    That a writ of *fi. fa. de bon. et terr.* was issued on said judgment, and delivered to the defendant Edward Smith, Sheriff, &c. to be executed according to law, and commanding the Sheriff to have the moneys in court, at the return thereof, to render to the said Mason S. Gibbon for his damages aforesaid; that the said Sheriff raised or received on the said execution, the money due thereon.    The replication then avers, that the promises and assumptions so made, and the judgment so given, and the *fi. fa.* so issued, was for the *use, interest* and *benefit,* of the said Daniel L. Miller and John Cooper, of all which, the said Sheriff had notice; yet that the said Sheriff did not pay over the said money to the said ·Miller and Cooper, whereby they are injured, &c. and so the said Edward Smith hath not well and truly executed the office of Sheriff. *Held,* on general demurrer, that this replication is bad.

The State *v.* Smith and others.

A Sheriff's bond may be put in suit at the instance of the assignee or equitable owner of any judgment or execution, by virtue of the 9th Section of the act, *Rev. Laws,* 238.

This was an action on a Sheriff's bond. The declaration is on the bond generally, as in the case of a money bond. The defendants plead,

1st—*Non est factum.*

2d—Payment.

3d—After craving oyer of the bond and condition, performance, in the words of the condition.

To this last plea, the plaintiff replies, denying performance—and assigning for a breach of the condition of the bond, that on the 18th of September 1827, "Daniel L. Miller and John Cooper, *in the name of* Mason S. Gibbon," in the Inferior Court of Common Pleas of the county of Salem, by the judgment of the said court, recovered against Jonathan Belton, $334 32 *for his damages, which he had sustained,* by reason of the non-performance of certain promises, by the said *Mason S. Gibbon* before then made, as for *his* costs, &c." That a writ of *fi. fa. de bon. et terr.* was issued on the said judgment, and delivered to the defendant, Edward Smith, Sheriff, to be executed according to law, and commanding the Sheriff to have the monies in court at the return thereof, to render to the said *Mason S. Gibbon for his* damages aforesaid. That the Sheriff on the second of January 1828, raised or received on the said execution, the monies due thereon, amounting to $346. The replication then avers, "that the promises and assumptions aforesaid made by the said Jonathan Belton to the said Mason S. Gibbon, and the judgment aforesaid given, in favor of the said Mason S. Gibbon against the said Jonathan Belton, and the aforesaid *fi. fa.* issued thereon, *was for the use, interest and benefit of the said Daniel L. Miller and John Cooper,* of all which, the said Sheriff, on the eighteenth of September 1827, had notice." Yet that the said Sheriff *did not* pay over the said money, to the said *Miller and Cooper,* whereby they are injured, &c.—and so, the said Edward Smith hath not well and truly executed the office of Sheriff, &c.

To this replication, there is a general demurrer, and joinder therein.

*Macculloch* and *Southard*, for defendants.

*R. P. Thompson* and *Jeffers* for plaintiff.

The opinion of the court was delivered by

HORNBLOWER, C. J.    It is a part of the condition of the Sheriff's bond, that he will well and faithfully execute the office, as well, with respect to all persons concerned, as to the State ; *Rev. Laws,* 236 ; and by the ninth Section, *Rev. Laws,* 238, the Governor, upon the application of *any person,* his legal representative or attorney, *who may be aggrieved, or suppose himself to be aggrieved,* by the neglect or default of a Sheriff in his office, may order his bond to be put in suit.

The words, *" all persons concerned "* and *" any person aggrieved,"* are broad enough to embrace, not only the parties on the record and their legal representatives—but also the assignee or equitable owner of any judgment or execution ; and I have no doubt, but the bond may be put in suit, at the instance of, and for the relief and benefit of such persons.    The only question raised by this demurrer, is whether the facts set forth in the replication, amount to a breach of the condition of the bond.    This however involves the question whether the facts are well and sufficiently pleaded, since, a general demurrer admits only what is so pleaded.

Among the essential qualities of a good plea, it must be single ; *certain ;* direct and positive, not argumentative ; and capable of trial.    In some of these respects, the replication is defective. It begins by averring that *Miller and Cooper* recovered a judgment, in the name of *Gibbon,* against Belton, for damages sustained by *Gibbon*—and then again, in another part of the plea, it is alleged that, *the promises* made by Belton to Gibbon, the judgment recovered by the latter against the former and the execution issued thereon, were for the use, interest and benefit, of Miller and Cooper.

Now the first averment appears to me to be unintelligible, at least, in a legal sense : for there can be no record of a *recovery at law, by A.* in the name of B—and if it appear judicially to the court, upon the party's own showing, that he has pleaded a matter that is not and cannot be true, it is cause of demurrer. *Chitt. on Plead.*    There may indeed be a recovery by B. for

the use of A. or to which A. may be equitably entitled. But the *record* is one thing, and the title to the money due upon it, is another thing. The facts ought then to be so pleaded, that the defendant might by a proper rejoinder, put either of them in issue. Because, if there was no such judgment and execution, then the Sheriff could be in no default in respect thereof —and if such record existed, yet Miller and Cooper would have no right of action against the Sheriff, unless they had some right or title to the monies due thereon. The Sheriff may therefore deny either branch of the proposition—but how can he do it in this case? By what mode of pleading? On an issue of *nul tiel record*, the court could not try Miller and Cooper's title to the money recovered by Gibbon against Belton. Nor does the replication assert any title in Miller and Cooper, either to the judgment and execution, or to the money due on it, in any such way, that the same can be put in issue and tried. Besides, the replication is double. It first alleges that Miller and Cooper *recovered* in the name of Gibbon, &c. and afterwards that, *the promises* on which the action was brought, the *judgment recovered*, and the *execution* issued thereon, were for the *use, interest and benefit* of Miller and Cooper. On which of these facts, does the plaintiff rely? On the recovery *by Miller and Cooper?* Or on the fact, that the *promises, judgment and execution*, were for their use and benefit? And which averment must the defendants deny; or must they deny both? These matters are not *inducement*—they are material allegations; for unless Miller and Cooper are plaintiffs in execution, or entitled to the money, they are not " persons concerned "—and have no right to assign breaches. It may be drawn as a matter of inference, from the whole of the replication, that Miller and Cooper are the equitable owners of the judgment and execution, and therefore entitled to the moneys received thereon. But if they seek to fasten upon the Sheriff and his securities, a liability for that money, they must show their right to it, not inferentially or argumentatively—but by positive and direct averment, capable of being put in issue, and of trial. Instead of that, Miller and Cooper have not shown on the record, how they are entitled or interested—when or by what means their

title accrued, or in what character, or in whose right they claim the money.

For all these reasons, I am of opinion, the replication is bad, and ought to be overruled.

FORD and RYERSON, Justices, concurred.

*Replication overruled.*